UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| SERGIO VASQUEZ HARRIS, | ) | CASE NO. 22-10025 |
| | ) | |
| DEBTOR. | ) | HON. CAROL A. DOYLE |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **October 27, 2022, at 10:00 a.m.** I will appear before the Honorable Carol A. Doyle, or any judge sitting in that judge's place, and present the motion of the United States Trustee to **Examine Fees of Desirae N. Bedford and the Wajda Law Group, APC D/B/A Recovery Law Group, APC**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 155 8289 and the password is Doyle742. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

*/s/ Kimberly Bacher*
Kimberly Bacher, Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(603) 333-2782

## CERTIFICATE OF SERVICE

      I, Kimberly Bacher, an attorney, certify that I caused to be served copies of this notice, the attached motion, and proposed order on the ECF Registrants shown below via the Court's Electronic Notice for Registrants and via First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

                                                                            */s/ Kimberly Bacher*

**SERVICE LIST**

**Registrants Served Through the Court's Electronic Notice for Registrants:**

| | |
|---|---|
| Desirae N. Bedford: | dbedford@recoverylawgroup.com, info@recoverylawgroup.com |
| James A. Brady: | jbrady@lafchicago.org, lafbknotices@gmail.com |
| Patrick S. Layng: | USTPRegion11.ES.ECF@usdoj.gov |
| David P. Leibowitz: | dleibowitz@lodpl.com, il64@ecfcbis.com; dl@trustesolutions.com; dl@trustesolutions.net; ECF@lodpl.com |

**Parties Served via First Class Mail:**
**(served by BMC Group)**

Sergio Vasquez Harris
1666 216th St.
Chicago Heights, IL 60411

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| SERGIO VASQUEZ HARRIS, | ) | CASE NO. 22-10025 |
| | ) | |
| DEBTOR. | ) | HON. CAROL A. DOYLE |

**MOTION TO EXAMINE FEES OF DESIRAE N. BEDFORD AND THE
WAJDA LAW GROUP, APC D/B/A RECOVERY LAW GROUP, APC**

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), by his attorney, Kimberly Bacher, and asks this Court to examine the fees of Desirae N. Bedford ("**Ms. Bedford**") and the Wajda Law Group, APC d/b/a Recovery Law Group, APC ("**RLG**" and collectively with Ms. Bedford, the "**Respondents**") pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017. In support of his request, the U.S. Trustee respectfully states the following:

**BACKGROUND**

1. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois. The U.S. Trustee has standing to be heard on this matter pursuant to 11 U.S.C. § 307.

2. On September 1, 2022 (the "**Petition Date**"), Sergio Vasquez Harris (the "**Debtor**") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "**Petition**"), which was assigned Case No. 22-10025 (the "**Bankruptcy Case**"). *See* ECF No. 1. Ms. Bedford, as an attorney for RLG, filed the Debtor's Petition, Schedules, and Statement of Financial Affairs (collectively, the "**Schedules**"). *Id.*

1

3.      RLG is a California corporation and its principal is Nicholas Michal Wajda. On September 22, 2022, Attorney James A. Brady of Legal Aid Chicago emailed the Chapter 7 trustee in this case, David P. Leibowitz (the "**Trustee**"), stating that he represented Ms. Harris, the Debtor's mother, and that there was pending litigation involving the Debtor and Ms. Harris. Specifically: (a) on May 5, 2022, the Debtor filed an eviction action against Ms. Harris, (b) on July 22, 2022, Ms. Harris filed a quiet title action against the Debtor in the Circuit Court of Cook County, and (c) on August 31, 2022, the Circuit Court of Cook County consolidated the two cases (collectively, the "**Lawsuits**").

4.      The Lawsuits were not listed in the Schedules, nor was Ms. Harris listed as a creditor.

5.      Specifically, Part 4 on the Statement of Financial Affairs stated that the Debtor, within 1 year before he filed for bankruptcy, was not a party in any lawsuit, court action or administrative proceeding. ECF No. 1 at p. 36.

6.      As of the date hereof, the Schedules have not been amended to reflect the Lawsuits and Ms. Harris has not been listed as a creditor.

7.      On October 4, 2022, the Trustee conducted a meeting of creditors of the Debtor pursuant to 11 U.S.C. § 341 (the "**341 Meeting**"). At the 341 Meeting, the Debtor stated the following:

    a.    He first reviewed bankruptcy schedules in January 2022 and then again in July 2022;
    b.    Attorney Michael Reid and another female attorney from RLG assisted him in the preparation of the Schedules;
    c.    He believed Mr. Reid was licensed to practice law in the State of Illinois;
    d.    He met with Ms. Bedford the day before the 341 Meeting and a week prior to the 341 Meeting;
    e.    He did not meet with Ms. Bedford before the case was filed;
    f.    He did not know that the Lawsuits were not listed on the Schedules;

   g.  He did not know that Ms. Harris was omitted as a creditor in the Schedules; and

   h.  He advised his attorneys about the Lawsuits and emailed applicable documentation to the RLG.

  8.  The Chapter 7 Retainer Agreement was signed by the Debtor and Mr. Wajda on December 27, 2021. ECF No. 1 at p. 48.

  9.  Based on a search of records from the Attorney Registration and Disciplinary Commission ("**ARDC**"), (i) Mr. Wajda is not licensed to practice law in the State of Illinois, and (ii) Mr. Reid did not become admitted to practice law in the State of Illinois until June 28, 2022.

## RELIEF REQUESTED

  10.  Based on the failure of the Respondents to include material information in the Schedules or promptly amend the Schedules, the Court should order an examination of the fees paid to the Respondents pursuant to Section 329(a) and (b) and Rule 2017(a) and (b) of the Federal Rules of Bankruptcy Procedure.[1]

  11.  Section 329(a) provides that any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation. *See* 11 U.S.C.§ 329(a).

  12.  Section 329(b) of the Bankruptcy Code and Rule 2017(a) and (b) authorize this Court to examine the fees paid to an attorney in connection with a bankruptcy case and provide

---

[1] The United States Trustee reserves his right to seek further relief against the Respondents as appropriate pursuant to 11 U.S.C. §§ 105, 526 and 707, and Fed.R.Bankr.P. 9011.

3

that, to the extent the amounts paid exceed the reasonable value of the services rendered, this Court can cancel any agreement between the debtor and counsel and order the return of any excessive payment. *See* 11 U.S.C. § 329(b) and *See* FRBP 2017(a) and (b).

13. Here, the Respondents failed to include material information regarding the Debtor's financial condition in the Schedules. By failing to properly include material information in the Schedules, the Respondents placed the Debtor at risk of losing his discharge pursuant to 11 U.S.C. § 727. It is unclear what diligence was conducted by the Respondents prior to filing the Schedules, but it is evident that it was insufficient. Additionally, the Respondents have taken no steps to address their errors by amending the Schedules.

14. Further, to the extent that Mr. Wajda and/or Mr. Reid provided legal advice to the Debtor, it may be considered the unauthorized practice of law.[2] *See In re Ward,* 20-03311-HB, 2021 WL 1940743, at *5 (Bankr. D.S.C. May 13, 2021) ("It is well-established that the solicitation of financial information and preparation of bankruptcy petitions and schedules constitutes rendering legal advice. Therefore, if performed by a person not properly licensed, it may be considered the unauthorized practice of law."). Based on the Debtor's testimony at the 341 Meeting, he prepared bankruptcy schedules in January 2022 with the assistance of attorneys that do not appear to have been licensed to practice law in the State of Illinois. Therefore, based on the foregoing, the Court should examine the fees of the Respondents under Section 329(a) and (b) and Rule 2017(a).

---

[2] RLF's practice has recently been scrutinized by the Bankruptcy Court for the District of South Carolina as reflected in the Order attached as **Exhibit A.**

WHEREFORE, the U.S. Trustee requests the Court order examination of fees under Sections 329(a) and 329(b) and grant such other and further relief as is just.

                    RESPECTFULLY SUBMITTED:

                    PATRICK S. LAYNG
                    UNITED STATES TRUSTEE

Dated:  October 19, 2022                By:*/s/ Kimberly Bacher*
                                                 Kimberly Bacher, Attorney
                                                 United States Department of Justice
                                                 Office of the United States Trustee
                                                 219 South Dearborn Street, Room 873
                                                 Chicago, Illinois 60604
                                                 (603) 333-2782